Dear Mayor Brown:
We received your request for an opinion on behalf of the Town of Franklinton regarding the settlement of a gas overcharge by the Town to a commercial customer. You question what prescriptive period applies to a claim for reimbursement of the overcharges.
As indicated in the request, the commercial customer was overcharged due to an incorrectly installed gas meter by a Town employee from November, 1987 through October, 1999. The amount of overcharges is $312,981.65. Once the mistake was discovered and corrected in 1999, the Town and customer agreed that the customer would not pay its monthly gas bills in order to offset the overcharges. This agreement went into effect in April, 2000 and continued through October, 2001. Additionally, the Town determined that the same customer was undercharged for sewer and water services. These services total $13,274.62.
The customer has since left Franklinton and has demanded that the gas overcharge and sewer and water undercharge be settled. The Town questions the applicable prescriptive period to such a situation and also questions what amount, if any, it may legally be responsible for over and above the actual gas overcharges.
Civil Code Article 2298 provides, in pertinent part, as follows:
 A person who has been enriched without cause at the expense of another person is bound to compensate that person .The amount of compensation due is measured by the extent to which one has been enriched or the other has been impoverished, whichever is less The extent of the enrichment or impoverishment is measured as of the time the suit is brought or according to the circumstances as of the time is rendered.
Civil Code Article 2299 provides, as follows:
 A person who has received a payment or a thing not owed to him is bound to restore it to the person from whom he received it.
In light of the above, it is clear that the Town of Franklinton received payment for something that was not owed to it. The Town of Franklinton was enriched at the expense of its customer and is bound to restore to its customer the extent to which it was enriched, i.e., the amount of the overcharges.
Civil Code Article 3499 provides that unless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years. Thus, it would appear that the applicable prescriptive period is ten years. As indicated in your request, the customer and Town learned of the overcharges in October, 1999 so the ten year prescriptive period commenced at that time. As such, an action to recover the overcharges would not prescribe until October, 2009.
You question if the Town is legally responsible for any amounts in excess of the overcharges. If a suit is filed, the Town can be responsible for legal interest from the date of judicial demand. Certainly, this is a valid consideration in any settlement negotiation. Further, the request mentioned an agreement entered into between the Town and the customer, yet, it is our understanding that this agreement was not reduced to writing. Obviously, the Town must consider what it specifically agreed to in terms of the amount of the overcharges less the sewer and water undercharges, if that was part of the agreement. We simply do not know the exact terms of the agreement. However, Civil Code Article 2298 specifically provides that the amount of compensation due is measured by the extent by which one has been enriched or the other has been impoverished, whichever is less. Therefore, it is our opinion that the correct amount is the balance of the overcharges due.
We trust that this adequately responds to your request. If you have any questions or comments, please do not hesitate to contact our office.
With kindest regards,
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: TINA VICARI GRANT Assistant Attorney General
RPI/TVG/dam